## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARRIE CINGOLANI, on behalf of herself and other similarly situated employees, | Case No. |
| Plaintiff, | |
| v. | Collective and Class Action Complaint |
| CONCORDIA LUTHERAN MINISTRIES, D/B/A VNA ALLIANCE, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### NATIONWIDE COLLECTIVE AND CLASS ACTION COMPLAINT

Karrie Cingolani ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against Concordia Lutheran Ministries d/b/a VNA Alliance ("Defendant" or "VNA Alliance"), alleging that Defendant failed to pay Plaintiff and other similarly situated employees statutory minimum wages, and overtime compensation for reported hours worked over forty (40) in a week, in violation of the Fair Labor Standards Act ("FLSA") and Pennsylvania wage and hour law as well as common law. and

### SUMMARY OF CLAIMS

1.     Plaintiff brings this action as a collective action to recover unpaid wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or the "Act").

2.     In particular, Plaintiff brings this suit, under Section 216(b) of the FLSA, on behalf of the following similarly situated persons:

> All current and former Field Nurses who have worked for Defendant within the statutory period covered by this Complaint and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective").

1

3.      In addition, Plaintiff also brings this action as a Pennsylvania state-wide class action to recover unpaid wages under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and Pennsylvania common law (the "PA State Laws").

4.      Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Field Nurses who have worked for Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

5.      Plaintiff alleges on behalf of the FLSA Collective that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay the mandatory minimum wage; (ii) entitled to overtime premium wages for the overtime work they performed; and (iii) entitled to liquidated damages under  29 U.S.C. § 216(b)

6.      Plaintiff alleges on behalf of the PA Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay the mandatory minimum wage; and (ii) entitled to overtime premium wages for the overtime work they performed.

## JURISDICTION AND VENUE

7.      Under 28 U.S.C. § 1331, this Court has federal question subject matter jurisdiction over Plaintiff's FLSA claims because they are brought under a federal statute, 29 U.S.C. §§ 201, *et seq.*

8.      This Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claim under 28 U.S.C. § 1367 because the PMWA claim arises from the same occurrence or

transaction as Plaintiff's FLSA claim and is so related to that claim as to form part of the same case or controversy.

9.    Plaintiff Cingolani's claims asserted herein arose in the judicial district.

10.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which the claims occurred.

## PARTIES

11.    Plaintiff, Karrie Cingolani is a citizen of the Commonwealth of Pennsylvania who resides in Mercer County, PA. From June 11, 2018 to October 17, 2018, Plaintiff, a Registered Nurse, worked as a Registered Field Nurse for Defendant, performing home health care services. Plaintiff received "Pay-Per-Visit" ("PPV") compensation which would sometimes be adjusted based on the number of hours Plaintiff worked.

12.    Defendant, Concordia Lutheran Ministries, d/b/a VNA Alliance, is a Pennsylvania company headquartered at 704 N. Main Street, Meadville, PA 16335, and is a citizen of Pennsylvania. Defendant is one of the largest senior care providers in the country with much of its business dedicated to its Visiting Nurses program. VNA Alliance offers a wide range of services and employs nurses, therapists and other healthcare professionals to provide in home care for patients. Defendant is solely responsible for the operation of its business, and for the policies, practices, and conduct at issue claimed in this case.

## FACTS

13.    This action arises out of the Defendant's wrongful classification of Plaintiff and other similarly-situated Field Nurses— whose primary duties involved providing health care services to patients in the patient's homes—as exempt from the overtime compensation requirements of the FLSA.

14.     For an employer to properly designate an employee as exempt from statutory overtime compensation requirements, it must establish that the employee performs job duties that meet one of the statutorily-defined exemptions and, depending on the exemption, that the employee is paid on either a salary-basis or fee-basis.

15.     In order to claim the exemption for fee-basis pay, an employee must be paid an "agreed sum for a single job regardless of the time required for its completion." 29 C.F.R. § 541.605.

16.     Although Defendant claimed to have paid Plaintiff and its Field Nurses on a Pay-Per-Visit basis, Defendant did, in fact, adjust Plaintiff's and other Field Nurses' pay based on the amount of time spent on the job.

17.     Defendant paid Plaintiff and the putative collective members on a "point" system for the time they spent providing care and treatment in patients' homes. This system was based on a matrix that, for example, ascribed two points for an initial home visit, two points for a resumption of care visit, one point for a routine visit, and 1.5 points for a recertification visit.

18.     At the time of her separation from Defendant, Plaintiff earned $34.00 for each point she accumulated.

19.     According to the United States Bureau of Labor Statistics, the median hourly wage for Registered Nurses in the Western Pennsylvania nonmetropolitan area is $28.29. [1]

20.     Although her income appears to be higher than that of average Registered Nurses in her area, the number of hours that Plaintiff needed to work in order to complete her tasks drastically decreased her actual pay per hour.

---

[1] https://www.bls.gov/oes/current/oes_4200001.htm#29-0000, last accessed December 17, 2019.

21.     The number of points Plaintiff and the Field Nurses would accumulate was allegedly intended to roughly correspond to the anticipated amount of time that Plaintiff and other Field Nurses would spend at the homes of their patients. A routine visit (one point) was intended to take one hour, an initial visit (two points) was intended to take two hours, etc.

22.     Plaintiff and other Field Nurses would sometimes spend hours preparing for a visit and completing paperwork after a visit as well as often spending significantly more time at the home of a patient than the point structure pre-supposed.

23.     Defendant was aware the Field Nurses were working these additional hours over and above the number of hours contemplated by the points system.

24.     Despite being informed that her compensation was Pay-Per-Visit, Plaintiff and the Field Nurses would sometimes be paid based upon the amount of time they spent at a location.

25.     For example, on more than one occasion, Plaintiff was scheduled to attend to a client for a routine visit (one point). After she had been at the client's home for over three hours, she was instructed to change the coding of the visit to a recertification (1.5 points).

26.     Plaintiff's and the Field Nurses' weekly schedules would routinely reflect a number of points equaling forty or less per week.

27.     In reality, however, Plaintiff and the Field Nurses would spend many more hours working than what was shown on their schedules. Despite this fact, Plaintiff and the other members of the proposed collective action were only paid for the hours reflected on their schedules.

28.     The excessive number of hours worked over the amount recorded on their schedules resulted in the Field Nurses occasionally being paid less than $7.25 per hour, the federal and Pennsylvania minimum wage.

29.     In addition, Plaintiff and the Field Nurses were not compensated at a rate of one and one half times their regular pay for any hour worked over forty hours per week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff brings this claim on a collective basis under 29 U.S.C. § 216(b) for all people who worked as Field Nurses for Defendant at any point during the maximum limitations period (the "FLSA collective");

31.     Plaintiff belongs to the FLSA collective she seeks to represent, because:

a.      She worked as a Field Nurse for Defendant during the relevant period and had similar job duties to the other collective members;

b.      She received the same training from Defendant and was required to comply with the same wage and hour policies as other Field Nurses;

c.      Defendant classified her as exempt from statutory overtime and minimum wage compensation requirements;

d.      Plaintiff's wages were calculated and paid based on Defendant's pay scheme that included fixed, per-visit payments for some work and no compensation at all for other required tasks;

e.      Defendant routinely suffered and permitted Plaintiff to work more than forty hours per workweek;

f.      Defendant did not maintain accurate contemporaneous records of all the hours Plaintiff worked, and did not require any Field Nurse, including Plaintiff, to maintain such records;

g.      Defendant knew Plaintiff was working more than 40 hours per week, because it assigned the work she performed, tracked her performance of this work and

6

required her to complete extensive paperwork detailing her work and when it was

completed;

       h.     Defendant did not pay Plaintiff any overtime premium wages for any of

the work she performed beyond forty hours in any work week; and

       i.     Defendant did not ensure Plaintiff was paid at least the minimum wage for

every hour worked.

     32.     Although Plaintiff and the FLSA collective members may have worked in

different states or under different managers, this action may be properly maintained as a

collective action because, among other things:

       a.     They all worked under the same material terms and conditions of

employment;

       b.     They were all classified as exempt from statutory overtime  and minimum

wage requirements;

       c.     They performed the same job duties and had the same job-related

responsibilities;

       d.     They received common training about their employment and the wage and

hour policies and practices at issue here;

       e.     They were governed by the same timekeeping policies, practices and

systems;

       f.     They were governed by the same compensation policies, practices and

systems;

       g.     They were governed by the same policies, practices, and systems

concerning work hours and the performance of their work;

7

h.      They were governed by the same policies, practices, and systems concerning overtime hours and wages; and

i.      They were governed by the same policies, practices, and systems concerning minimum wage.

33.     Because of Defendant's pay scheme, Plaintiff and the FLSA collective action members do not fall within any exemption to the overtime pay requirements of the FLSA.

34.     Plaintiff estimates that the FLSA collective, including both current and former employees over the relevant period, will include at least several dozen members. The precise number of potential FLSA collective action members will be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Defendant and collective action members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

35.     Plaintiff brings her PMWA claim as a class action pursuant to Fed. R. Civ. P. 23 for all Pennsylvania residents who worked as Field Nurses for Defendant at any point during the maximum limitation period.

36.     Plaintiff belongs to the class she seeks to represent because she:

a.      Is a resident of Pennsylvania;

b.      Worked under the same material terms and conditions of employment as the PMWA class member;

c.      Was classified as exempt from statutory overtime and minimum wage requirements like the PMWA class members;

d.      Performed the same job duties and had the same job-related

responsibilities as the PMWA class member;

e.      Received the same training about her employment and the wage and hour

policies and practices at issue here as the PMWA class members;

f.      Was governed by the same time keeping policies, practices and systems as

the PMWA class members;

g.      Was governed by the same policies, practices and systems concerning

work hours and the performance of their work as the PMWA class members;

h.      Was governed by the same policies, practices and systems concerning

overtime hours and wages as the PMWA class members; and

i.      Was governed by the same policies, practices, and systems concerning

minimum wage.

37.      Plaintiff's claims for violation of the PMWA may be maintained as a class action

because the putative class members are so numerous that their joinder would be impracticable.

Over the relevant period, Defendant is believed to have employed at least several hundred Field

Nurses. The exact number of class members will be determined from Defendant's payroll

records through the discovery process.

38.      This action may be properly maintained as a class action because there are

material questions of law or fact common to the PMWA class members that predominate over

any individual issues including:

a.      Whether the PMWA class members were classified as exempt from

statutory overtime and minimum wage requirements;

     b.     Whether the PMWA class members routinely spent more than forty hours per workweek on work-related tasks;

     c.     Whether Defendant maintained accurate contemporaneous records of all the hours the PMWA class members worked or required them to maintain such records;

     d.     Whether Defendant's hybrid pay scheme meets either the salary basis requirement or the fee-basis requirement;

     e.     Whether the PMWA class members should have been properly classified as non-exempt from statutory overtime requirements;

     f.     Whether Defendant's hybrid pay scheme wrongly deprived the PMWA class members of legally-required overtime and minimum wages;

     g.     Whether the PMWA class members can state a claim under the PMWA for unpaid overtime work;

     h.     Whether the PMWA class members can state a claim under the PMWA for failure to pay the minimum wage;

     i.     Whether the PMWA class members are entitled to compensatory damages, interest, or attorneys' fees and costs on their PMWA claim; and

     j.     Whether Defendant raises defenses common to all PMWA class members.

39.     This action may be properly maintained as a class action because Plaintiff's PMWA claim is typical of the claims belonging to the PMWA class members in that they are similarly situated employees who performed similar work under similar terms, conditions, policies and practices and, as a result, have been similarly harmed.

40.     This action may be properly maintained as a class action because Plaintiff will fairly and adequately assert and protect the interests of the PMWA class members as follows:

      a.      There is no apparent conflict of interest between Plaintiff and the PMWA class members;

      b.      Plaintiff's attorneys have significant experience in the litigation of complex civil and class action matters in this Court, and will adequately represent the interests of the PMWA class members; and

      c.      Plaintiff has access to adequate financial resources to assure that the interests of the PMWA class members will not be harmed because, consistent with the Pennsylvania Rules of Professional Conduct, Plaintiff's counsel have agreed to advance the costs and expenses of this litigation contingent upon the outcome of the case.

41.      This action may be properly maintained as a class action because it will provide a fair and efficient method for adjudication of the issues presented by this controversy as follows:

      a.      Common questions of law or fact predominate over any questions affecting only individual members, as Plaintiff seeks to remedy a common legal grievance, namely Defendant's failure to pay overtime wages owed to similarly situated employees who worked as a Nurses providing home health care services in Pennsylvania;

      b.      No difficulties are likely to be encountered in the management of this litigation as a class action, given that Defendant's business records will assist in identifying the PMWA class members and verifying the amount of their claims;

      c.      This forum is particularly appropriate for adjudicating these claims as this Court has significant experience with class action litigation; and

      d.      The claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

## COUNT I
### (Violation of the Fair Labor Standards Act)

42.     All previous paragraphs are incorporated as though fully set forth herein.

43.     Plaintiff and the proposed collective action members are employees entitled to the FLSA's protections.

44.     Defendant is an employer covered by the FLSA.

45.     The FLSA requires that covered employees receive a minimum wage of not less than $7.25 per hour for every hour worked.

46.     Defendant violated the FLSA by failing to pay Plaintiff and the proposed collective action members a minimum wage of $7.25 per hour worked.

47.     The FLSA requires that covered employees receive overtime.

48.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours in excess of 40 in a workweek. *See* 29 U.S.C. § 207.

49.     Defendant violated the FLSA by failing to pay Plaintiff and the proposed collective action members overtime premium compensation for hours worked over 40 per week.

50.     In violation of the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

51.     Under the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement of her costs and attorneys' fees if she is successful in prosecuting this action for unpaid overtime wages and minimum wage claims.

## COUNT II
### (Violation of the PMWA)

52.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

53.    The unpaid wages at issue in this litigation are "Wages" as defined by PMWA § 3(d).

54.    Defendant is an "Employer" as defined in PMWA § 3(g).

55.    Plaintiff and the PMWA class members are "Employees" as defined by PMWA § 3(h).

56.    PMWA § 4(a.1) requires an employer to pay its employees at least the federal minimum wage rate for all hours worked.

57.    PMWA § 4(c) and the applicable enabling Regulations found at 34 Pa. Code § 231.42 state that employees shall be paid for all hours worked in excess of 40 hours per week at a rate not less than 1.5 times their regular rate of pay.

58.    PMWA § 8 requires employers to keep a true and accurate record of the hours worked by each employee.

59.    PMWA § 13 expressly allows private plaintiffs to bring a civil action to enforce an employers' failure to comply with the PMWA's requirements.

60.    PMWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

61.    Throughout the relevant period, Defendant was obligated to comply with the PMWA's requirements, Plaintiff and the PMWA class members were covered employees

entitled to the PMWA's protections, and Plaintiff and the PMWA class members were not exempt from receiving wages required by the PMWA for any reason.

62.     Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly classifying Plaintiff and the PMWA class members as exempt from the PMWA's minimum wage and overtime pay provision despite knowing that its wage scheme does not meet either the salary-basis requirement or the fee-basis requirement.

63.     Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly suffering or permitting Plaintiff and the PMWA class members to regularly work more than 40 hours per week without ensuring they were paid at an overtime premium rate for all hours beyond 40.

64.     Plaintiff and the PMWA class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendant derived a direct and substantial benefit.

64.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the PMWA class members all wages mandated by the PMWA.

## COUNT III
### Pennsylvania Wage Payment Collection Law 43 P.S. § 260.1, *et seq*.
### (On Behalf of the PA Class)

65.     Plaintiff on behalf of herself and the PA Class Members, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

66.     At all relevant times, Defendant has employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

67.     As part of Defendant's employment of Plaintiff and the PA Class Members, Defendant promised to compensate Plaintiff and the PA Class Members in a manner that was consistent with the laws of the Commonwealth of Pennsylvania.  This promise, as evidenced by the conduct of Defendant, is an agreement for payment within the meaning of the WPCL.

68.     Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq*. Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday.

69.     As a result of Defendant's unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

70.     Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

### COUNT IV
### PA Common Law – Unjust Enrichment/Quantum Meruit
### (On Behalf of the PA Class)

71.     Plaintiff, on behalf of herself and the PA Class Members, re-alleges and incorporates by reference the paragraphs 1 through 64 above as if they were set forth again herein.

72.     This Fourth Claim For Relief is brought in the alternative to Plaintiff's Third Claim for Relief, to the extent that Defendant denies the existence of an agreement to compensate Plaintiff and the PA Class in a manner consistent with the laws of the Commonwealth of Pennsylvania.

73.     Plaintiff and the members of the PA Class were employed by Defendant within the meaning of the PA State Laws.

74.     At all relevant times, Defendant has had a willful policy of improperly classifying PA Class members as exempt.

75.     Defendant has retained the benefits of their unlawful misclassification from Plaintiff and PA Class Members under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

76.     Defendant was unjustly enriched by subjecting Plaintiff and the PA Class Members to such improper misclassification.

77.     Defendant retained the benefits of Plaintiff's and PA Class Members' time under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

78.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the PA Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiff and the PA Class.

79.     Plaintiff and the members of the PA Class, are entitled to reimbursement, restitution and disgorgement of monies received by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the putative FLSA collective and putative PA class, seeks the following relief:

A.     Certification of this matter to proceed as a collective and class action pursuant to 29 U.S.C. § 216(b) and PMWA;

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b) and PMWA, of this litigation to all potential members of the collective and class action;

C.     A finding that Defendant willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required overtime wages to Plaintiff, the FLSA collective action members, and the PMWA class members;

16

D.      A finding that Defendant willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required minimum wages to Plaintiff, the FLSA collective action members, and the PMWA class members;

E.      Judgment in favor of Plaintiff and the FLSA collective action members on Count I;

F.       Judgment in favor of Plaintiff and the PMWA class members on Count II;

G.      Judgment in favor of Plaintiff and the PA class members on Count III;

H.      Judgment in favor of Plaintiff and the PA class members on Count IV;

I.       An award of all available compensatory and liquidated damages in an amount to be determined;

J.       An award of pre-judgment interest on all damages due, to the extent permitted by law;

K.      An award of a reasonable attorney's fee and reimbursement of all reasonable costs and expenses incurred in litigating this action;

L.      Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

M.      Awarding any further relief the Court deems just, necessary and proper; and

N.      Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: February 10, 2020

Respectfully submitted,

**CARLSON LYNCH, LLP**

*/s/ Gary F. Lynch*

Gary F. Lynch (PA ID 56887)
Elizabeth Pollock Avery (PA ID 314841)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel. (412) 322-9243
glynch@carlsonlynch.com
eavery@carlsonlynch.com

*Counsel for Plaintiff*